IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL JAMES, : | |
|           Petitioner, : | |
| : | |
| v. : | Civ. No. 17-5151 |
| : | |
| SUPERINTENDENT KAUFFMAN, *et al.*, : | |
|           Respondents. : | |

**O R D E R**

*Pro se* Petitioner Michael James has filed Objections to Magistrate Judge Wells's Recommendation that I deny his § 2254 Petition. (Doc. Nos. 1, 3, 25, 33, 38); 28 U.S.C. § 2254. I will overrule the Objections, adopt Magistrate Judge Wells's Report and Recommendation, and deny relief.

**I.     BACKGROUND**

Around 2:00 a.m. on October 26, 2000, Petitioner Michael James, Dennis Wright, and Steven James (who had a gun) approached Dai Yun Zheng and his father Sin Tang Zheng, who were closing their Philadelphia restaurant at 3621 North 22nd Street. (Doc. No. 25 at 1.) Michael and his cohorts forced the Zhengs into the basement, tied them up, and beat them. (Id. at 1-2.) In less than an hour, Dai Yun was fatally shot, Sin Tang critically wounded, and Michael and his cohorts had fled with the money they found in the restaurant. Sin Tang crawled upstairs and called a friend, who contacted the Police. (Id. at 2.)

Days later, Philadelphia Police Officers went to Sin Tang's hospital room and showed him a series of photo arrays that included photos of Michael and his two cohorts. (Id.) Sin Tang positively identified all three men. (Id.)

In October 2003, after the denial of Michael's pre-trial suppression motions, a jury found him guilty of first-degree murder, attempted murder, robbery, criminal conspiracy to commit

robbery, and possessing an instrument of crime. (Id.) Michael was sentenced to: (1) a mandatory life sentence without the possibility of parole; (2) a consecutive term of 10 to 20 years for robbery, conspiracy, and attempted murder; and (3) a consecutive term of 2.5 to 5 years for possessing an instrument of crime. (Id.) The Superior Court rejected Michael's *pro se* appeal in February 2006, and the Supreme Court denied *allocatur* that August. (Id. at 2-3.)

The following month, Michael petitioned for collateral relief under the Post-Conviction Relief Act, raising 19 ineffectiveness claims. 42 Pa. Cons. Stat. §§ 9541-46; (Doc. No. 25 at 3.) The PCRA Court dismissed his petition in December 2008. (Doc. No. 25 at 3.) A year later, the Superior Court affirmed the dismissal of one ineffectiveness claim but remanded to the PCRA court for consideration of the others on their merits. (Id.) In December 2015, the PCRA court dismissed Michael's remaining claims. (Id.) Michael appealed, presenting 15 ineffectiveness claims; the Superior Court affirmed in March 2017. (Id. at 3-4.) Michael did not seek *allocatur*. (Id. at 4.)

Michael submitted his *pro se* Habeas Petition to this Court in January 2018. (Id.; Doc. No. 3); 28 U.S.C. § 2254. In Claims 1 through 18, he alleges that trial counsel was ineffective by failing to:

> (1) object to the admission of a .32 caliber revolver that was not used in the crime;
>
> (2) object to the trial court's response to a jury question following a supplemental instruction on the elements of first degree murder;
>
> (3) object to the trial court's instruction regarding testimony from an accomplice;
>
> (4) object to the trial court's allowance of a Police Officer's reading into the record a prior consistent statement by the surviving victim;
>
> (5) call Michael's grandfather as a defense witness to testify that the .32 caliber handgun belonged to the grandfather;
>
> (6) object to the admission into evidence of violent rap lyrics attributed to

2

    him;

    (7) investigate Michael's alibi;

    (8) file a motion to sever his trial from his codefendants;

    (9) object to the prosecutor's referring to Dr. Joyce Wu, who did not testify at trial, in his closing argument;

    (10) object to the prosecutor's opening statement;

    (11) object to the prosecutor's closing argument;

    (12) investigate the details of the agreement between the prosecution and Garfield Adams, a prosecution witness;

    (13) investigate and find exculpatory evidence, including DNA evidence;

    (14) object to the prosecutor's striking all young African Americans from the jury;

    (15) object to the prosecutor's wife entering the courtroom and

    the prosecutor's pointing her out to the jury and lauding her success as a prosecutor;

    (16) object to an insufficient jury instruction concerning prosecution witness Adams;

    (17) request a mistrial after co-defendant Steven James caused a disturbance in the courtroom while the jury was present; and

    (18) object and request a mistrial when the prosecutor referenced Islam and Allah.

(Doc. No. 25 at 4-5.)  Michael also urges that the trial court erred by:

    (19) allowing the introduction into evidence of violent rap lyrics that the prosecutor alleged Michael wrote;

    (20) providing a supplemental jury instruction that told the jury it did not have to determine which of the codefendants shot the victims;

    (21) giving an improper accomplice instruction concerning Adams's testimony;

    (22) allowing a Police Officer to read a prior consistent statement of the surviving victim into the record;

    (23) permitting the .32 caliber handgun to be admitted into evidence;

    (24) allowing the prosecutor to refer to Dr. Wu in his closing argument; and

    (25) providing a defective reasonable doubt jury instruction.

(Id.) Michael has since abandoned claims 15 and 16. (Id.)

In January 2018, I referred this matter to Magistrate Judge Rueter (then of this Court) for a Report and Recommendation. (Doc. No. 4.) The Clerk of Court reassigned the matter to Magistrate Judge Wells in September 2020. (Doc. No. 21.) Respondents oppose relief. (Doc. No. 15.) Judge Wells recommends denying the Petition. (Doc. No. 25.) Michael filed *pro se* Objections to the Report, Respondents filed a response, then Michael filed an Objections Addendum. (Doc. Nos. 33, 35, 38.)

Magistrate Judge Wells found "the balance of the ineffective assistance claims" to be procedurally defaulted and the other claims to be either procedurally defaulted or not cognizable. (Doc. No. 25 at 5-6.)

## II. LEGAL STANDARDS

I must review *de novo* those portions of the Report to which the petitioner files timely, specific objections. 28 U.S.C. § 636(b)(1)(C). I may "accept, reject, or modify, in whole or in part" Magistrate Judge Wells's findings or recommendations. Id.; Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001). As to those portions to which no objections have been made, I must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) Advisory Committee Note to the 1983 Amendment; see Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining the Court's responsibility "to afford some level of review" when no objections have been made). I will construe Michael's *pro se* objections liberally. Rainey v. Varner, 603 F.3d 189, 198-99 (3d Cir. 2010).

Before seeking federal habeas relief, state prisoners must exhaust their state court remedies. 28 U.S.C. § 2254(b). Moreover, federal courts usually will not review habeas claims that were not presented to the state court in the manner prescribed by its procedural rules. Wainwright v. Sykes,

433 U.S. 72, 81-82 (1977).  "[I]f it is clear that [the habeas petitioner's] claims [would] now [be] procedurally barred under [state] law," the claims are exhausted but procedurally defaulted.  Gray v. Netherland, 518 U.S. 152, 161-62 (1996) (second and fifth alterations in original).  I may not consider a defaulted claim unless the petitioner shows either: (1) cause and prejudice; or (2) that the failure to consider the claim would result in a fundamental miscarriage of justice.  Coleman v. Thompson, 501 U.S. 722, 750 (1991); Cristin v. Brennan, 281 F.3d 404, 409 n.5 (3d Cir. 2002), cert. denied, Cristin v. Wolfe, 527 U.S. 897 (2002); see Murray v. Carrier, 477 U.S. 478, 488 (1986) ("[A] showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable, would constitute cause." (internal quotations and citations omitted)).

I may grant habeas relief only if the state court's adjudication of the petitioner's claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law . . . ."); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").  To warrant habeas relief, the state court's decision must be "objectively unreasonable."  Jacobs v. Horn, 395 F.3d 92, 100, 106 (3d Cir. 2005).  I may not grant relief "merely because [I] conclude[] that the state court applied federal law erroneously or incorrectly."  Id. at 100; see also Cavazos v. Smith, 132 S. Ct. 2, 4 (2011) ("[A] federal court may not overturn a state court decision . . . simply because the federal court disagrees with the state court.").  I must give the Superior Court's determinations considerable deference,

and presume that its factual findings are correct unless a petitioner rebuts this presumption by clear and convincing evidence. Werts v. Vaughn, 228 F.3d 178, 196 (3d Cir. 2000); see also Sneed v. Beard, 328 F. Supp. 3d 412, 422 (E.D. Pa. 2018) (petitioners face a "high hurdle in challenging the factual basis for a prior state-court decision rejecting a claim").

### III.   OBJECTIONS

Each of Michael's Objections provides: "Petitioner objects to the Magistrate [R&R] with regard to [these claims] where the findings are not supported by the record, and resulted in a decision that was based on an unreasonable determination of the facts presented in the state court proceedings." (Doc. No. 33.) His Objections as to Claims 2-4, 6-7, and 12 of his Petition consist *only* of this statement, however. His Objections respecting Claims 5, 9-11, and 25 provide little more. (Id.)

#### A.   Claims 2-4, 6-7, 12

Michael does not specify which findings are unsupported, or which facts were unreasonably determined. See Fry v. Shoop, No. 19-2307, 2023 WL 2456592, at *47 (N.D. Ohio Mar. 10, 2023) (the petitioner cannot prevail under § 2254(d)(2) where he has not specified "any unreasonable determination of fact upon which the state court decision was based"). I need not address this type of general or "blanket" objection. Palmer v. Apfel, 995 F. Supp. 549, 552 n.4 (E.D. Pa. 1998); Thomaston v. Dist. Attorney of Phila., No. 10-957, 2012 WL 252784, at *1 n.1 (E.D. Pa. Jan. 25, 2012) ("[A] blanket, conclusory objection stating no substantive objection . . . fails to warrant *de novo* review."); Lusik v. Sauers, No. 13-2627, 2014 WL 3746528, at *4 n.4 (E.D. Pa. July 30, 2014) (overruling the petitioner's blanket objections to the R&R because he "failed to provide any basis for them"); Vasquez v. Rivello, No. 22-2379, 2022 WL 17573149, at

*1 n.1 (E.D. Pa. Dec. 9, 2022) ("Where a petitioner's objections merely rehash and reframe the underlying arguments set forth in their original petition, the Court is not obligated to separately address any issue that was thoroughly and correctly analyzed by the Magistrate Judge.").

Having found no clear error in the Magistrate Judge's conclusions, I will overrule the Objections respecting Claims 2-4, 6, and 12.

**B.     Claim 5**

Michael urges that trial counsel ineffectively failed to call Michael's grandfather, who would have testified that he, not Michael, owned the .32 caliber handgun. (Doc. No. 25 at 14; Doc. No. 1-2 at 4-5.) The Superior Court concluded that Michael could not show prejudice because the jury could still have found that Michael, who lived with his grandfather, had access to the weapon. (Doc. No. 25 at 14.) Judge Wells found this conclusion reasonable. (Id.)

In objecting to the R&R, Michael simply repeats his original claim, attacking the Superior Court's conclusion and arguing that "[i]t's uncertain what the jury might have done had the grandfather testified." (Compare Doc. No. 33 at 2 (emphasis omitted), with Doc. No. 1-2 at 4-5.) Michael makes no argument undermining Judge Wells's well-reasoned analysis, however. See Short v. Superintendent, SCI Cambridge Springs, No. 21-4564, 2022 WL 580506, at *1 (E.D. Pa. Feb. 25, 2022); Vasquez, 2022 WL 17573149, at *1 n.1. In any event, the grandfather's proposed testimony would neither have exculpated Michael nor established his actual innocence by an evidentiary preponderance. See Kee v. Sec'y of D.O.C., No. 7-4571, 2008 WL 5429697, at *1, 8 (E.D. Pa. Dec. 30, 2008); Frazier v. Beard, No. 10-1688, 2014 WL 5286578, at *4 (E.D. Pa. Oct. 14, 2014) (testimony that a witness had not seen a gun in the petitioner's hand would not have been exculpatory), aff'd, Frazier v. Sec'y Pa. Dep't of Corr., 663 F. App'x 211, 215 (3d Cir. 2016)

7

(not calling that witness was a reasonable strategy, not inadvertence).

Accordingly, I will overrule Michael's Objection as to Claim 5 of his Petition.

### C. Claim 9

Michael contends that trial counsel ineffectively failed to object to the prosecutor's reference in closing argument to Dr. Joyce Wu, who did not testify at trial. (Doc. No. 25 at 16; Doc. No. 1-2 at 13-14.) The Superior Court found that the prosecutor was simply responding to an argument advanced by Michael—that the Commonwealth had failed to call available witnesses—by pointing out that the defense could have called them. (Doc. No. 25 at 16.) Judge Wells determined that this was reasonable. (Id. at 17.)

Once again, Michael rehashes the argument he made in his Petition. (Doc. No. 1-2 at 13-14.) The "invited response doctrine" protects a prosecutor's comments made in "reasonable response to improper attacks by defense counsel." United States v. Wood, 486 F.3d 781, 788 (3d Cir. 2007) (quoting United States v. Walker, 155 F.3d 180, 186 n.5 (3d Cir. 1998)). Because the prosecutor responded fairly to defense counsel's comments, Michael cannot make out ineffectiveness for failure to object to the prosecutor's "proper statements." Alicea v. United States, 100 F. Supp. 3d 457, 482-83 (E.D. Pa. 2015).

Accordingly, I will overrule Michael's Objection as to Claim 9 of his Petition.

### D. Claims 10-11

Michael alleges that trial counsel ineffectively failed to object to the prosecutor's opening statement and closing argument. (Doc. No. 25 at 9; Doc. No. 1-2 at 14.)

On PCRA appeal, the Superior Court found that Michael had waived these claims in his

Rule 1925(b) statement. (Doc. No. 25 at 9); Pa. R.A.P. 1925(b). Pennsylvania Rule of Appellate Procedure 1925(b)(4) provides: "The Statement shall concisely identify each error that the appellant intends to assert with sufficient detail . . . . Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa. R.A.P. 1925(b)(4). A vague Rule 1925(b) statement is the "functional equivalent to no [c]oncise [s]tatement at all." Smith v. Office of Dist. Attorney, No. 20-896, 2021 WL 3684132, at *7 (W.D. Pa. July 8, 2021) (alterations in original) (quoting Commonwealth v. Heggins, 809 A.2d 908, 911 (Pa. Super. Ct. 2002), appeal denied, 827 A.2d 430 (Pa. 2003)).

The Superior Court also explained that these claims lack merit—the prosecutor referenced evidence that could be and was properly admitted. (Doc. No. 25 at 9 & n.11; 2017 Pa. Super. Ct. Op. at 17-18.) Accordingly, trial counsel was not ineffective for failing to object to the prosecutor's opening statement and closing argument. (2017 Pa. Super. Ct. Op. at 17-18.) Judge Wells noted this in her R&R. (Doc. No. 25 at 9 n.11.) She found that: (1) Michael's failure to comply with Rule 1925(b) constituted a procedural default; and (2) Michael failed to allege cause and prejudice to excuse the default. (Doc. No. 25 at 9.) Michael argues that Claims 10 and 11 "are not in default" and asks me to consider their merits. (Doc. No. 33 at 3.)

Once again, Michael merely rehashes the argument he made in his Petition. (Doc. No. 1-2 at 14-16.) The prosecutor's statements were "nothing more than a reminder to the jury of evidence that was actually presented to it." Baker v. Wenerowicz, No. 13-6329, 2014 WL 6823590, at *8 (E.D. Pa. Dec. 4, 2014); Stevens v. Warren, No. 13-2831, 2017 WL 5889811, at *8 (D.N.J. Nov. 28, 2017) (fact referred to by prosecutor in closing "was not information outside of the record—it [wa]s [thus] implausible that the jury was not aware of that fact long before the prosecutor explicitly stated so during closing").

Accordingly, trial counsel was not ineffective for failing to object. I will thus overrule Michael's Objection as to Claims 10 and 11.

### E. Claim 25

In his Objections Addendum, Michael alleges that Judge Wells failed to address this claim (which he refers to as "Claim No. 7 (Direct Appeal Issue)"). (Doc. No. 38 at 2; see Doc. No. 25 at 5, 8; Doc. No. 1-1 at 8-A.) Judge Wells did address this claim in her R&R, however. She explained that Michael did not raise claim 25 on direct appeal, and thus deemed the claim "unexhausted." (Doc. No. 25 at 8.) Judge Wells then concluded that: (1) claim 25 is procedurally defaulted because the PCRA's one-year statute of limitations has expired; and (2) Michael has not alleged cause and prejudice to excuse the default. (Id.); see 42 Pa. Cons. Stat. § 9545(b)(1); Whitney v. Horn, 280 F.3d 240, 251 (3d Cir. 2002).

To the extent Michael attempts to restate arguments presented to and considered by the Magistrate Judge, such arguments are "not entitled to *de novo* review." Long v. Pa. Bd. Probation & Parole, No. 14-4171, 2017 WL 3412629, at *2 (E.D. Pa. Aug. 9, 2017). I find no clear error in the Magistrate Judge's conclusion. Id. Accordingly, I will overrule this Objection.

### IV. CONCLUSION

**AND NOW**, this 18th day of July, 2023, upon consideration of the pleadings and record herein, and after careful review of the Magistrate Judge's Report and Recommendation (Doc. No. 25), Petitioner's Objections (Doc. Nos. 33, 38), Respondents' Response (Doc. No. 35), and all related filings, it is hereby **ORDERED** that:

1. The Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. Nos. 1, 3) is **DENIED**;

2. Petitioner's Objections to the Report and Recommendation (Doc. Nos. 33, 38) are **OVERRULED**;

3. The Magistrate Judge's Report and Recommendation (Doc. No. 25) is **APPROVED** and **ADOPTED**; and

4. The Clerk of Court shall mark this case **CLOSED** for statistical purposes.

                                      **AND IT IS SO ORDERED.**

                                      */s/ Paul S. Diamond*
                                      Paul S. Diamond, J.